UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MR. COLIN COMER
7365 North River Road
River Hills, WI 53217,

                      Plaintiff,

    v.                                            Case No. 2:24-cv-468

HAGERTY, INC.
121 Drivers Edge
Traverse City, MI 49684,

                      Defendant.

---

# COMPLAINT

Plaintiff, Mr. Colin Comer ("Colin Comer" or "Plaintiff"), by his attorneys, Reinhart Boerner Van Deuren s.c., for his Complaint against Defendant, Hagerty, Inc. ("Hagerty" or "Defendant"), alleges as follows:

## INTRODUCTION

1. For a period of time following Defendant's termination of Colin Comer's employment, until at least January 1, 2024, Defendant: willfully violated Colin Comer's rights to his name, portrait and picture; engaged in false advertising using Colin Comer's name, portrait and picture to promote and sell Defendant's insurance products, services and club membership program; and, by using Colin Comer's name, portrait and picture without permission or license, falsely associated Colin Comer with Defendant's products, services and club membership program.

2. This action seeks an injunction, damages, and an award of Colin Comer's attorneys' fees and costs.

## THE PARTIES

3. Plaintiff, Colin Comer, is an individual residing at 7365 N River Rd., River Hills, WI 53217.

4. Defendant, Hagerty, Inc., is a corporation with its principal place of business at 121 Drivers Edge, Traverse City, MI 49684.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (actions arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over Defendant because Defendant conducts business in Wisconsin and because the claims asserted herein arise from or relate to the Defendant's activities in Wisconsin.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business within the District, and because a substantial part of the events giving rise to the claims herein occurred in this District.

## BACKGROUND

8. Colin Comer is a world-renowned expert, author, and historian in the field of classic automobile collecting and classic automobile appraising, who makes a living advising his clients on classic automobile collecting, buying and selling.

9. Between August 1, 2017 and December 27, 2018, Colin Comer was engaged by Hagerty as an independent contractor to (a) write articles on an exclusive basis for Defendant

about classic automobile collecting and appraising, (b) consult on the creation of an online classic automobile marketplace (the "Hagerty Marketplace") and (c) participate as a panelist or keynote speaker at events and seminars hosted by Defendant.

10. Between December 28, 2018 and December 5, 2022, Hagerty employed Colin Comer to continue to write articles about classic automobile collecting and appraising, create the Hagerty Marketplace, and be an automobile valuation expert for Hagerty's "Price Guide."

11. Colin Comer wrote approximately 40 articles as an independent contractor and approximately 40-50 articles as an employee for Defendant (each an "Article" and collectively, the "Articles").

12. All of the Articles were published by Defendant in its print and digital publications: Hagerty Driver's Club Magazine, Hagerty Inside and "Radius" (collectively, the "Hagerty Publications").

13. Each Article identifies Colin Comer as the author.

14. In addition to the Articles, Colin Comer produced several videos featuring Colin Comer appraising classic automobiles (each a "Video" and collectively, the "Videos").

15. On August 31, 2017, Defendant requested from Colin Comer a photographic "headshot" that Defendant could use to create "illustrations to run with each of [Plaintiff's] columns in each issue" of Defendant's printed magazine called the Hagerty Insider; and Colin Comer provided Defendant with a suitable photograph for such purpose on September 14, 2017.

16. On June 24, 2019, Defendant requested from Colin Comer a "new headshot" for use with the "digital edition" of Defendant's "Hagerty Insider" publication; and Colin Comer provided Defendant with a suitable photograph for such purpose shortly thereafter.

17. Defendant used the photo provided by Colin Comer in 2019 to create a realistic "pencil" drawing of Colin Comer (the "Drawing").

18. Defendant displayed the Drawing on each Article to identify Colin Comer as the author of such Article. The image below is an example of the Defendant's use of the Drawing to identify Colin Comer as the author of an Article:



19. On information and belief, Defendant did not use the Drawing, or a photo of Colin Comer, for any purpose other than to identify Plaintiff as the author of the Articles.

20. At no time during Plaintiff's engagement with Defendant as an independent contractor or employee did Defendant utilize the Drawing to promote or solicit sales of any club, exclusive membership program, insurance products, or other services offered by Defendant.

21. On December 5, 2022, Hagerty terminated Colin Comer's employment with Hagerty as part of a downsizing initiative.

22. Colin Comer has not written any articles for or on behalf of Defendant since his December 5, 2022 termination.

23. On January 27, 2023, Colin Comer and Hagerty entered into an agreement setting forth Defendant's right and license to continue to publish the Articles that Colin Comer wrote as an independent contractor and employee for Defendant (the "Rights Agreement"). A true and accurate copy of the Rights Agreement is attached as Exhibit A.

24. Section "c" of the Rights Agreement states that Defendant assigns to Plaintiff any rights it may have with respect to Plaintiff's name, likeness, performance or life rights, stating as follows:

> To the extent that Hagerty has any claim, rights, title or interest in and to the The Appraiser or The Appraiser Rights or any rights in or to Mr. Comer's name, likeness, performance, or life rights, Hagerty hereby irrevocably assigns, conveys, releases and quitclaims to Mr. Comer, and Mr. Comer hereby accepts, any and all of Hagerty's rights, title, and interest of every kind and nature in and to The Appraiser and The Appraiser Rights.

25. The last paragraph of the Rights Agreement provides that the Rights Agreement supersedes all prior and contemporaneous agreements between Plaintiff and Defendant concerning the subject matter of the Rights Agreement.

26. No express language in the Rights Agreement grants Defendant any right to use Colin Comer's name, picture or portrait for the purpose of promoting Defendant's membership club or any of Defendant's insurance products and services.

## DEFENDANT'S WRONGFUL ACTS

27. Defendant, at all material times, was and is familiar with the great and valuable reputation of Colin Comer, especially among Defendant's target demographic.

28. In the summer of 2023, Plaintiff learned that Defendant had been publishing a new column entitled "Ask the Appraiser."

5
Case 2:24-cv-00468-BHL    Filed 04/19/24    Page 5 of 19    Document 1

29. On July 7, 2023, Colin Comer, through his legal counsel, sent Defendant a letter demanding that Defendant cease and desist from using "Ask The Appraiser" in violation of the Rights Agreement.

30. Shortly after receiving Plaintiff's July 7, 2023 cease and desist letter, Defendant ceased using the term "Ask the Appraiser" as demanded by Plaintiff.

31. On or around August 31, 2023, Colin Comer learned that Defendant was using the Drawing on the Club Membership landing page located at Hagerty.com/drivers-club/magazine ("Club Membership Landing Page") alongside the drawings of Jay Leno, Wayne Carini, and Aaron Robinson to promote and sell memberships to Defendant's "Club Membership."



32. In conjunction with Defendant's use of the Drawing on the Club Membership Landing Page, Defendant changed the spelling of Colin Comer's name to appear as "Colin Cormer."

33. On information and belief, Defendant willfully and intentionally misspelled Colin Comer's name on the Club Membership Landing Page to make it more difficult for Plaintiff to find use of Plaintiff's name and image through online search engines.

34. Just as Plaintiff is widely regarded as a celebrity and expert in the classic automotive collecting market, so are Jay Leno, Wayne Carini and Aaron Robinson each regarded as celebrities and experts in the classic automotive collecting market.

35. Defendant used Colin Comer's name, photo and portrait on the Club Membership Landing Page to promote the Hagerty Club Membership without permission or authorization from Colin Comer for a period of time commencing after Defendant's termination of Colin Comer's employment and ending in or around January 2024 (the "Infringing Period").

36. Defendant's use of Colin Comer's name, photo, portrait, and the Drawing, was not on or in reference to any specific Article or Video, but rather was used to promote and solicit the sale of subscriptions to the Hagerty Club Membership, which provides to Defendant's customers access to a wide range of information, content and services.

37. The Hagerty Club Membership subscription is also included with the purchase of Defendant's insurance policies.

38. Above the drawings of Colin Comer, Jay Leno, Wayne Carini and Aaron Robinson, Defendant included the phrase: "Enjoy regular columns from beloved contributors."

39. Further below the drawings of Colin Comer, Jay Leno, Wayne Carini and Aaron Robinson, Defendant advertised additional benefits and perks of joining the Club Membership, namely: (a) Hagerty Valuation Tools® Down-to-the-minute car values and market trends; (b) Emergency roadside -- 24/7 emergency service, including roadside for trailers; (c) Hagerty Marketplace – Buy and sell cool cars, with unlimited, free classified listings; (d) Ask Hagerty --

Save time and let Hagerty do the research on hard-to-find parts, finding the perfect mechanic and more; (e) Automotive offers - Insider pricing on parts and tools, tires, automotive apparel and more; and (f) Members-only experiences – VIP access and member pricing at automotive events, parties, track days and more (collectively the "Club Membership Perks").

40. On or around January 8, 2024, through his legal counsel, Colin Comer sent Defendant a letter demanding that Defendant remove all uses of Colin Comer's name, portrait and pictures from its website.

41. On or around February 9, 2024, through its legal counsel, Defendant responded to Plaintiff's January 8, 2024 demand letter, rejecting Plaintiff's allegations but agreeing to remove the Drawing and photo of Colin Comer.

42. Defendant's infringing activities using Colin Comer's name, portrait and picture constitute false representations to the public, that during the Infringing Period, Colin Comer endorses, is employed by, sponsored, associated or affiliated with, or otherwise approves of Defendant's business and its products and services, none of which is true.

43. Defendant's reference to Colin Comer as a "regular" and "beloved" contributor during the Infringing Period constitutes false representations to the public, that during the Infringing Period, Colin Comer endorses, is employed by, sponsored, associated or affiliated with, or otherwise approves of Defendant's business, products and services, none of which is true.

44. Defendant's unauthorized uses of Colin Comer's name, photo and portrait have and are likely to confuse and deceive consumers as to Colin Comer's sponsorship and/or endorsement of Defendant's business, products and/or services. Specifically, Defendant's use of Colin Comer's name, photo and portrait has caused consumers to mistakenly believe that Colin

Comer is associated with Defendant, that Colin Comer is a regular contributor of content to Defendant's Club Membership magazine and that Colin Comer sponsors or endorses Defendant's business, products and services.

45. Defendant's references to Colin Comer as a "regular" and "beloved" contributor during the Infringing Period have and are likely to confuse and deceive consumers as to Colin Comer's sponsorship and/or endorsement of Defendant's business, products and services. Specifically, Defendant's reference to Colin Comer as a "regular" and "beloved" contributor during the Infringing Period has caused consumers to mistakenly believe that Colin Comer is associated with Defendant, that Colin Comer is a regular contributor of content to Defendant's Club Membership publication and that Colin Comer sponsors or endorses Defendant's business, products and services.

46. The Club Membership Landing Page does not contain or offer any links to any Articles or Videos; but rather contains a link to a sign-up page to purchase a Hagerty Club Membership.

47. Defendant's use of Colin Comer's name, portrait and picture is independent of and not directly related to any of the actual Articles and Videos published by Defendant and offered only to members of its Club Membership; and such use is intended solely as a form of advertisement for Defendant's Club Membership and to induce customers to purchase Defendant's insurance products and services to obtain a free Club Membership subscription.

48. Defendant, knowingly and without the authorization, permission, or consent of Colin Comer, has appropriated and used Colin Comer's name, portrait and picture to advertise, promote, endorse and draw attention to the Defendant's Club Membership.

49. Colin Comer has never consented to the use by Defendant of his name, portrait

or picture in connection with the promotion of Defendant's Club Membership or any insurance product or service or any Club Membership Perks sold or offered for sale by Defendant.

50. After the effective date of the Rights Agreement, Colin Comer never consented to endorse, promote, recommend, or be associated or affiliated with Defendant.

51. Defendant's actions alleged herein were done knowingly and intentionally without regard for the rights of Colin Comer, including his trademark rights and the right to control and direct the use of his name, portrait and picture.

52. Defendant has profited financially from its use of Colin Comer's name, portrait and picture to advertise, promote, endorse and draw attention to the Defendant's Club Membership, the Club Membership Perks and insurance products and services.

## COUNT 1

## Violation of Wis. Stat. § 995.50(2)(am)2

53. Colin Comer realleges and incorporates by reference the allegations set forth in paragraphs 1 through 52, above.

54. Colin Comer is well-known and regarded as one of the most respected classic car collectors and experts in the United States.

55. Colin Comer is the owner of the common law rights of publicity in Colin Comer's name, portrait and picture, necessary for performing the services of classic automobile appraising, selling and collecting on behalf of his clients, and for which Colin Comer uses for his own commercial purposes.

56. Colin Comer does not license his name for endorsement of third-party products and services.

57. Defendant has willfully and without authorization used Colin Comer's name, portrait and picture for commercial purposes, to advertise and promote the sale of Defendant's products and services, namely Defendant's insurance products and club membership.

58. Defendant induces customers to purchase insurance from Defendant by including a free membership to the Hagerty Driver's Club automatically with every policy.

59. Defendant induces customers to purchase insurance or become a member of Defendant's club by claiming members receive regular content from famous celebrities and experts in the classic automotive industry.

60. Defendant's unauthorized use of Colin Comer's name, portrait and picture constitutes a violation of Wisconsin's right of publicity under Wis. Stat. § 995.50(2)(am).

61. As a direct and proximate result of Defendant's wrongful conduct, Colin Comer has suffered, and will continue to suffer, damages in an amount to be proven at trial.

62. Defendant has further been unjustly enriched by its infringement of Plaintiff's right of publicity. Accordingly, Plaintiff is entitled to restitution and other damages in an amount to be determined at trial.

63. Defendant's actions as alleged above were done with intent to injure Plaintiff, deprive Plaintiff of revenue derived from the use of Plaintiff's name, portrait and image, and with a willful and conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to recover from Defendant punitive and exemplary damages in an amount sufficient to punish and deter Defendant and others from engaging in such acts in the future.

## COUNT II

### Violation of Common Law Right of Publicity

64. Colin Comer realleges and incorporates by reference the allegations set forth in paragraphs 1 through 63, above.

65. Colin Comer is the owner of rights in Colin Comer's name, portrait and picture necessary for performing the services of classic automobile appraising, selling and collecting on behalf of Plaintiff's clients, and for which Colin Comer uses for his own commercial purposes.

66. Colin Comer is well-known and regarded as one of the most respected classic car collectors and appraisers in the United States.

67. Colin Comer does not license his name for endorsement of third-party products and services.

68. Defendant has willfully and without authorization used Colin Comer's name, portrait and picture for commercial purposes, to advertise and promote the sale of Defendant's products and services, including Defendant's insurance products and club membership.

69. Defendant's unauthorized use of Colin Comer's name, portrait and picture constitutes a violation of Wisconsin's common law right of publicity.

70. As a direct and proximate result of Defendant's wrongful conduct, Colin Comer has suffered, and will continue to suffer, damages in an amount to be proven at trial.

71. Defendant has further been unjustly enriched by their infringement of Plaintiff's common law right of publicity. Accordingly, Plaintiff is entitled to restitution and other damages in an amount to be determined at trial.

72. Defendant's actions as alleged above were done with intent to injure Plaintiff and with a willful and conscious disregard for Plaintiff's rights. As a result, Plaintiff is entitled to

recover from Defendant punitive and exemplary damages in an amount sufficient to punish and deter Defendant and others from engaging in such acts in the future.

## COUNT III

### False Endorsement in violation of 15 U.S.C. § 1125(a)

73. Colin Comer realleges and incorporates by reference the allegations set forth in paragraphs 1 through 72, above.

74. The Defendant's uses of Colin Comer's name, portrait and picture for commercial purposes have been distributed in interstate commerce in the United States via the internet through Defendant's website.

75. Plaintiff is the owner of the statutory and common law rights associated with Plaintiff's name, photo and portrait necessary for endorsement deals, including Plaintiff's right to decide whether to associate Plaintiff's name, photo and portrait with any third party for purposes resulting to sponsorship and/or endorsement.

76. Defendant used distinctive attributes of Plaintiff's persona, including his name, photo and portrait, without permission by posting online images and the Drawing of Plaintiff on the Club Membership Landing Page.

77. Defendant's unauthorized use of Plaintiff's name, photo and portrait constitutes false or misleading representations of fact to falsely imply the endorsement of Defendant's business, products and services by Plaintiff.

78. Defendant's unauthorized reference to Plaintiff as a "regular" and "beloved" contributor to Defendant's membership club constitutes false or misleading representations of fact to falsely imply the endorsement of Defendant's business, products and services by Plaintiff.

79. Defendant's unauthorized uses of Plaintiff's name, photo and portrait have and are likely to confuse and deceive consumers as to Plaintiff's sponsorship and/or endorsement of Defendant's business, products and/or services. Specifically, Defendant's use of Plaintiff's name, photo and portrait in close proximity to the claim that Plaintiff is a regular and beloved contributor has caused consumers to mistakenly believe that Plaintiff is associated with Defendant, that Plaintiff is a regular contributor of content to Defendant's membership club and that Plaintiff sponsors or endorses Defendant's business, products and/or services.

80. Defendant's unauthorized references to Plaintiff as a "regular" and "beloved" contributor to Defendant's membership club have and are likely to confuse and deceive consumers as to Plaintiff's sponsorship and/or endorsement of Defendant's business, products and/or services. Specifically, Defendant's reference to Plaintiff as a "regular" and "beloved" contributor to Defendant's membership club has caused consumers to mistakenly believe that Plaintiff is associated with Defendant, that Plaintiff is a regular contributor of content to Defendant's membership club and that Plaintiff sponsors or endorses Defendant's business, products and/or services.

81. Acquaintances and customers of Plaintiff have contacted Plaintiff expressing actual confusion and mistake as to Plaintiff's affiliation with and endorsement of Defendant.

82. As a direct and proximate result of the acts of false endorsement set forth above, Plaintiff has suffered actual damages in an amount to be proven at trial.

83. Plaintiff is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. Section 1117, including, without limitation, an award of actual damages and disgorgement of Defendant's profits arising from its false and misleading acts.

84. Defendant's conduct was willful, which further renders this an "exceptional" case within the meaning of the Lanham Act, thus entitling Plaintiff to an award of attorneys' fees and costs.

85. Defendant committed the unauthorized acts described above knowing that they are likely to cause consumers to falsely believe that Plaintiff endorses Defendant's business, products and/or services. Defendants have thus willfully, knowingly and maliciously deceived and confused relevant consuming public, such that Plaintiff is entitled to an award of treble damages.

## COUNT IV

**False Advertising and Unfair Competition in violation of 15 U.S.C. § 1125(a)**

86. Colin Comer realleges and incorporates by reference the allegations set forth in paragraphs 1 through 85, above.

87. The Defendant's uses of Colin Comer's name, portrait and picture for commercial purposes have been distributed in interstate commerce in the United States via the internet through Defendant's website.

88. Defendant's claim that its Club Membership Magazine delivers content to its members that consists of "regular contributions" from Plaintiff is literally false, misleading and deceptive as to the actual content and future content offered to its members.

89. Because of Plaintiff's fame and reputation in the classic automobile industry, inclusion of Plaintiff's image next to other celebrities and experts in the classic automobile industry and juxtaposed with the claim that Plaintiff is a regular and beloved contributor, is material to the purchasing decisions of consumers.

90. As such, Defendant's false, misleading, and deceptive advertising claims, and the material nature of such claims, are likely to deceive customers as to believe purchasing a membership will give customers access to content from Plaintiff on a regular basis.

91. Defendant's false, misleading and deceptive claims are material and have influenced, and/or are likely to influence, the purchasing decisions of customers and potential customers and otherwise induce customers to believe they are purchasing a membership that contains regular contributions from Plaintiff.

92. Because Plaintiff was no longer engaged by Defendant in any capacity, and Plaintiff and Defendant had entered into an express agreement granting Defendant the right to continue to publish only those Articles written by Plaintiff during this term of engagement with Defendant, Defendant's claim that Plaintiff is a "regular contributor" constitutes an intentional false, misleading and deceptive advertising claim made with express knowledge that such claim was false, misleading and deceptive. As such, Defendant's false, misleading and deceptive advertising claims were willful and deliberate, thereby making this an exceptional case under the Lanham Act.

93. The false, misleading, and deceptive advertising claims made by Defendant have misled and deceived customers and potential customers of Defendant and Plaintiff.

94. Acquaintances and customers of Plaintiff have contacted Plaintiff expressing actual confusion and mistake as to whether Plaintiff is continuing to write articles and contribute content to Defendant.

95. Plaintiff has been, and will likely be, substantially and irreparably injured as a result of Defendant's false, misleading, and deceptive statements.

96. Plaintiff has no adequate remedy at law and cannot obtain relief except in this Court by an injunction, accounting, and damages.

## COUNT V

## Unjust Enrichment

97. Colin Comer realleges and incorporates by reference the allegations set forth in paragraphs 1 through 96, above.

98. Through Defendant's unauthorized uses of Plaintiff's name, photo and portrait, Defendant has induced customers to purchase Defendant's products and services and become members of Defendant's club membership.

99. Through Defendant's unauthorized use of Plaintiff's name, photo and portrait, Defendant has falsely implied that Plaintiff endorses Defendant's business, products and/or services and caused consumers to purchase Defendant's products and/or services based on the mistaken belief that Plaintiff is associated with Defendant, that Plaintiff is a regular contributor of content to Defendant's membership club and that Plaintiff sponsors or endorses Defendant's business, products and/or services.

100. Defendant has not compensated Plaintiff for use of Plaintiff's name, photo and portrait.

101. Defendant has unjustly profited from Defendant's unauthorized use of Plaintiff's name, photo and portrait.

## PRAYER FOR RELIEF

WHEREFORE, Colin Comer respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, its agents, distributors, employees, attorneys, assigns or related companies, and those in active concert or participation with any of them, from making false, misleading, or deceptive claims about Plaintiff or any Claim that is likely to imply that Plaintiff endorses, is employed by, sponsored, associated or affiliated with, or otherwise approves of Defendant's business and its products and services;

B. Ordering Defendant, in accordance with 15 U.S.C. § 1116(a), to file with the Court, and serve upon Colin Comer within thirty (30) days after the entry of judgment, a report in writing and under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of the injunction set forth in paragraph A, above;

C. Ordering Defendant to provide an accounting of their profits resulting from their unauthorized use of Colin Comer's name, portrait and photo, and acts of false advertising, false endorsement, and that such profits be paid over to Colin Comer and increased as the Court finds to be just under the circumstances of this case;

D. Awarding to Colin Comer the actual damages and profits suffered as a result of Defendant's wrongful acts;

E. Awarding to Colin Comer his actual damages suffered as a result of Defendant's use of Colin Comer's name, portrait and photo, The Appraiser trademark and acts of false advertising;

F. Awarding to Colin Comer treble damages arising from Defendant's intentional violation of the Lanham Act;

G. Ordering Defendant to pay Plaintiff's attorneys' fees, together with the costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117);

H. Awarding to Colin Comer prejudgment and post-judgment interest on any monetary award according to the maximum allowable legal rate; and

I. Awarding to Colin Comer such other and further relief as the Court deems proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.**

Dated this 19th day of April, 2024.

s/ Allen C. Schlinsog, Jr.
Allen C. Schlinsog, Jr., Bar No. 1025656
Elizabeth Elving, Bar No. 1115903
Daniel E. Kattman, Bar No. 1030513
Attorneys for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202-3186
Telephone: 414-298-1000
Facsimile: 414-298-8097
Email: aschlinsog@reinhartlaw.com
Email: eelving@reinhartlaw.com
Email: dkattman@reinhartlaw.com

51447580v4